**Ava Marie PARENT, Plaintiff,**

v.

**CREDIT UNION ONE, a Michigan Banking Corporation; Mortgage Professionals Division of Data–Tech Services Corporation, a Michigan Corporation; Jointly and Severally, Defendants.**

No. 91–CV–74908.

United States District Court, E.D. Michigan, S.D.

June 2, 1992.

Susan F. Reed, Detroit, Mich., for plaintiff.

Thomas R. Bowen, Susan Leigh Brown, Harvey, Kruse, Westen & Milan (Connie Skinner McNealy Mallon & McNealy, P.C., of counsel), Troy, Mich., for defendants.

### OPINION AND ORDER

FEIKENS, District Judge.

Before me is defendants' motion for summary judgment. Because I find that plaintiff's federal claims must fail, I GRANT defendants' motion as to those claims, and pursuant to 28 U.S.C. § 1447(c), I REMAND this case to the Circuit Court for the County of Wayne, State of Michigan.

This is a housing discrimination case brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982, and the Michigan Elliott–Larsen Civil Rights Act, M.C.L.A. § 37.2501 et seq. In July, 1988, plaintiff applied for a mortgage from Mortgage Professionals, a wholly-owned subsidiary of Credit Union One, for property she wished to purchase in Detroit. Mortgage Professionals is a mortgage broker; it merely takes applications and completes a few administrative tasks before packaging mortgage applications and sending them to another lender for underwriting and financing. In this case that other lender was First Security Savings Bank ("FSSB").

FSSB twice rejected plaintiff's mortgage application. Plaintiff complains that she was financially qualified for the mortgage and that her application was rejected based alternatively upon her race (hispanic), national origin, marital status, sex, or the racial and/or ethnic composition of the neighborhood where the property was located.

The only case on point that the parties were able to provide, or this court was able to find, is *Old West End Association v. Buckeye Federal Savings & Loan,* 675 F.Supp. 1100 (N.D.Ohio 1987). In that case the plaintiffs, who were selling their home, sued the mortgage broker (MIC) and the bank (Buckeye) that rejected their buyer's mortgage application under 42 U.S.C. §§ 1981 and 1982. While the court denied Buckeye's motion for summary judgment, it granted summary judgment in favor of MIC, holding:

> Absent is a factual basis for plaintiffs' theories of liability against MIC. Indeed, plaintiffs have no evidence to support a prima facie case of discrimination against MIC. The loan was not rejected by MIC, but by Buckeye based on an allegedly discriminatory policy that was Buckeye's, not MIC's.

*Buckeye,* 675 F.Supp. at 1107. Similarly in this case, plaintiff has simply sued the wrong party: FSSB is the entity that rejected her mortgage application, not Mortgage Professionals.

At the initial hearing on defendants' motion, I gave plaintiff additional time to brief the issues raised by *Buckeye.* Plaintiff responded with a supplemental brief that attempts to analogize this situation to cases where a principal (such as a homeowner, apartment owner or real estate agency) is held liable for the discriminatory acts of his or her agent (such as a real estate broker, property manager or real estate agent). Plaintiff argues that principals bear full responsibility for the discriminatory practices of their agents or brokers in most aspects of real estate transactions, and that liability should likewise be applicable in the mortgage brokerage portion of such transactions.

Even if I were inclined to extend liability as plaintiff requests, plaintiff fails to provide any proof whatsoever that an agency relationship existed between Mortgage Professionals and FSSB. This may be explainable because if such a relationship existed, Mortgage Professionals was the *agent*—packaging loan applications and completing some administrative tasks before sending everything to FSSB for underwriting and funding. Since FSSB is the entity that rejected plaintiff's application, in essence plaintiff is trying to hold the *agent* responsible for the acts of the *principal.* Every case plaintiff cites in her brief is therefore inapposite. Plaintiff has simply sued the wrong party.

This case was originally brought in state court and removed here because of the federal law causes of action. Because I am granting summary judgment on those claims, and there is no diversity between the parties, I am remanding the case to state court for resolution of the Elliott–Larsen civil rights claim.

ACCORDINGLY, defendants' motion for summary judgment is GRANTED as to Counts II and III, and the case is RE-MANDED to the Circuit Court for the County of Wayne, State of Michigan. IT IS SO ORDERED.